IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO RANGEL MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-589-RP |
| | § | |
| MIGUEL VERGARA, *in his official capacity as* | § | |
| *Acting Director of the San Antonio Field Office for U.S.* | § | |
| *Immigration and Customs Enforcement*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Jose Antonio Rangel Mendez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on March 11, 2026. (Dkt. 1). On March 16, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). On March 20, 2026, Respondents Kristi Noem[1], Todd Lyons, and Miguel Vergara (collectively, "Respondents")[2] filed a response in opposition, (Dkt. 6). On March 25, 2026, the Court ordered Petitioner to file a reply responding to Respondents' Response.[3] (Dkt. 7). Petitioner filed his reply on April 1, 2026. (Dkt. 10). The Court then ordered Respondents to file two supplemental briefs: first "providing evidence of the alleged felony grand theft auto charges against Petitioner, as well as documentation of the bond conditions Respondents allege Petitioner violated," (Order, Dkt. 11, at 2); and then "addressing what, if any, process was

---

[1] Respondent Kristi Noem was later substituted for Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, per Federal Rule of Civil Procedure 25(d). (Order, Dkt. 11, at 2).
[2] The Response was filed only on behalf of the federal employees in this action. (Resp., Dkt. 6, at 1 n.1). Respondents had originally timely filed a response the day prior, but the filing was deficient per Local Rule CV-10(b), so Respondents re-filed their response on March 20, 2026.
[3] The Court specifically ordered that Petitioner's reply "specifically address Respondents' assertion that Petitioner is being detained because he violated his immigration bond due to his felony gran[d] theft auto charges, as well as any other arguments Petitioner wishes to raise." (Order, Dkt. 7, at 1−2).

1

required and/or effectuated for revoking Petitioner's immigration bond based on the felony grand theft auto charges," (Order, Dkt. 13, at 2). Respondents timely filed supplemental briefs responding to each of the Court's Orders. (Dkts. 12, 14). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will deny Petitioner's Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen of Mexico, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Resp., Dkt. 6, at 4; Pet., Dkt. 1, at 4). Petitioner entered the United States in February 2000 without inspection. (Pet., Dkt. 1, at 3). He has resided in the country since then, and he has two U.S. citizen children as well as a U.S. citizen spouse. (*Id.* at 2–3). Petitioner alleges that on December 26, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on his way to work. (*Id.* at 3).

Respondents contend that Petitioner was "first encountered" on September 29, 2013 at the San Antonio Magistrate Court because he had been arrested for a DWI with an enhanced blood alcohol content. (Resp., Dkt. 6, at 4). Petitioner was transferred into ICE custody on September 30, 2013 and served with a Notice to Appear ("NTA"). (*Id.*). Petitioner was then released from custody and was subsequently encountered in May 2015 "after being released from the Bexar County Jail [for] serving time for a conviction of DWI." (*Id.*). Petitioner was "bonded out of ICE custody once more" in October 2015 and "re-encountered a third time after a traffic stop in Buda, Texas" in December 2025. (*Id.*).

Petitioner was taken into ICE custody in December 2025 because he violated his bond conditions due to (a) operating a vehicle at the time of his December 2025 interaction with ICE and (b) pending felony charges against him for grand theft auto. (*Id.*). Petitioner's Immigration Bond Order, issued on October 1, 2015, granted Petitioner bond upon a posting of $15,000 and ordered

that "[Petitioner] must not operate any motorized vehicle while his removal proceedings are pending." (Immigration Bond, Dkt. 12-3, at 6). Petitioner's bond was approved and accepted on October 16, 2015. (*Id.* at 3). Based on both parties' submissions, there is no dispute that Petitioner violated the condition of his Immigration Bond that he not "operate any motorized vehicle while his removal proceedings are pending." (Immigration Bond, Dkt. 12-3, at 6).

Petitioner is currently in full removal proceedings in immigration court. (*Id.*). Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* at 1). Petitioner alleges that he is entitled to a writ because (1) the detention authority purportedly being applied to detain him does not apply; (2) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; and (3) his detention violates the Administrative Procedure Act ("APA"). (Pet., Dkt. 1, at 5–7). Petitioner asks the Court to declare that his detention is unlawful and to grant the writ of habeas corpus ordering Respondents to release Petitioner. (*Id.* at 8).

## II. DISCUSSION

The Court first considers whether it has jurisdiction to decide Petitioner's claims. Petitioner's claims are predicated on an argument that he is being detained unlawfully without an opportunity for a bond hearing. But Petitioner did receive a bond hearing under 8 U.S.C § 1226 in October 2015, before Respondents took the position that § 1226 did not apply to him. Respondents have provided documentation of Petitioner's Immigration Bond from October 2015, (*see* Immigration Bond, Dkt. 12-3); confirmed that Petitioner's actions violated the conditions of that bond, (*see* Respondents' First Supp. Br., Dkt. 12, at 2; Respondents' Second Supp. Br., Dkt. 14, at 1); and described the authority and process by which the Executive Branch may revoke bond and satisfactorily established

that Respondents properly revoked Petitioner's bond, (Respondents' Second Supp. Br., Dkt. 14, at 1–3).

Respondents also point the Court to 8 U.S.C. § 1226(e), which mandates that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." In Petitioner's Reply, (Dkt. 10), Petitioner does not provide any arguments or binding authority to refute the fact that he violated the terms of his Immigration Bond or to demonstrate an avenue through which the Court has jurisdiction to consider his Fifth Amendment Due Process Clause claim, given that Respondents cite evidence that they have properly revoked his Immigration Bond.

Under 8 U.S.C. § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Respondents describe that a regulation promulgated to address bond revocations—8 C.F.R. § 236.1(c)(9)—specifically references a number of officers that can effectuate a bond revocation; the authority can be delegated by said officers to others; and in this case the delegation is referenced in an annually updated memo, which Respondents provided for the Court's review. (Respondents' Second Supp. Br., Dkt. 14, at 2; Delegation Memo on Bonds, Dkt. 14-1). That memo states that "[t]he Field Office Director for the San Antonio Area of Responsibility delegated all authority to approve and revoke bonds to Assistant Field Office Directors, Supervisory Detention and Deportation Officers, and Bond Control Specialists." (Respondents' Second Supp. Br., Dkt. 14, at 2 (citing Delegation Memo on Bonds, Dkt. 14-1)).

Respondents assert that a Supervisory Detention and Deportation Officer issued a notice cancelling Petitioner's Immigration Bond on December 26, 2025, the same day Petitioner was arrested. (*Id.* (citing I-391, Dkt. 14-2)). The I-391 form is "the document that is used to handling

4

bond revocations and cancellations by the agency." (*Id.*). Respondents contend "that both the statutory authority, legislated by [C]ongress, and the regulatory authority, created by the agency, do not require any additional process for revocation," because "[t]he mandate from [C]ongress was explicit, in that it could be revoked at any time." (*Id.* at 3).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Because Petitioner was granted bond by an Immigration Judge following an individualized review of the record, it is undisputed that he violated the terms of that bond, and Respondents revoked that bond in accordance with the relevant statutory authority and regulations, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[4] In other words, in this case, Petitioner asks the Court to review the outcome of a bond proceeding afforded under 8 U.S.C. § 1226, as is prohibited by § 1226(e). Accordingly, Petitioner's Petition must be denied, and the Court does not reach the parties' additional arguments.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED** for lack of jurisdiction.

**SIGNED** on May 28, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] "This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case." *Orlando Vicente-Vicente v. Warden, Operator of the ERO El Paso Camp E. Montana, et al.*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *2 (W.D. Tex. Apr. 1, 2026). For example, Petitioner's case differs from a situation where an immigration judge denied bond because the immigration judge believed it lacked jurisdiction over the case.